UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MISSION PRODUCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORGANIC ALLIANCE, INC., et al., <br><br> Defendants. | Case No. 5:15-CV-01951-LHK <br><br> **ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE** <br><br> Re: Dkt. No. 27 |

Before the Court is Plaintiff Mission Produce, Inc.'s motion for default judgment against Defendants Organic Alliance, Inc. and Parker Booth ("Booth"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing set for December 3, 2015. The case management conference set for December 3, 2015 will proceed as scheduled. Because Plaintiff has not shown that Defendants were properly served with Plaintiff's complaint, the Court hereby DENIES WITHOUT PREJUDICE Plaintiff's motion for default judgment.

## I. DEFECTS IN SERVICE OF PROCESS

Before the Court can issue a default judgment, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). For the Court to exercise personal jurisdiction over a defendant, the defendant must have been served in accordance with Federal Rule of Civil Procedure 4. *See*

1
Case No.5:15-CV-01951-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

*Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

Plaintiff has not shown that it served Organic Alliance and Booth in accordance with Rule 4. On June 3, 2015, Plaintiff filed proofs of service signed under penalty of perjury indicating that a single process server personally served the summons and complaint, among other documents, on Defendants Organic Alliance and Parker Booth. ECF Nos. 16-17. The proof of service for Organic Alliance asserted that the pleadings were personally served on Parker Booth, President of Organic Alliance, on May 18, 2015 at 12:31 p.m. in Salinas, California. ECF No. 17. The separate proof of service for Booth, however, indicated that Booth was served on May 18, 2015 at 12:31 p.m. in Shelton, Washington. ECF No. 16. The Court cannot exercise personal jurisdiction over Organic Alliance or Booth, let alone issue a default judgment, unless and until this discrepancy is resolved. Accordingly, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

## II. ISSUES NOT ADDRESSED IN PLAINTIFF'S BRIEFING

If Plaintiff file a new motion for default judgment—with appropriate supporting declarations—Plaintiff shall address the following deficiencies in Plaintiff's motion.

### A. Personal Jurisdiction

As noted above, it is Plaintiff's burden to show that the Court can exercise both subject matter jurisdiction and personal jurisdiction over Defendants. Plaintiff's motion for default judgment does not even mention jurisdiction. Any new motion for default judgment should explain why this Court can exercise personal jurisdiction over each Defendant.

### B. Documentation in Support of Principal Amount Owed

One of Plaintiff's claims is for enforcement of a reparation award issued by the U.S. Department of Agriculture. ECF No. 1 ¶¶ 19-29. Plaintiff asserts that "[t]he sales transactions that are the subject of Plaintiff's administrative complaint are the same sales transactions that are the subject of" Plaintiff's complaint in this Court. *Id.* ¶ 20. The problem with Plaintiff's argument is that the set of invoices that Plaintiff allegedly submitted in support of Plaintiff's administrative complaint is not the same set of invoices Plaintiff has submitted in support of its motion for default judgment. *Compare* ECF No. 30-1 at 3 (invoice dated March 14, 2013) *with* ECF No. 1-1

at 5-8 (showing no invoices dated after February 17, 2013). Plaintiff has not explained why the supporting evidence and the $73,306.00 figure awarded in the administrative proceeding[1] differ from the supporting evidence and $73,058.50 figure[2] sought in this proceeding.

### C. Interest

Plaintiff's complaint notes that the U.S. Department of Agriculture awarded Plaintiff interest on the amount allegedly owed at the rate of 0.13% per year based on the one-year constant maturity treasury yield. *See* ECF No. 1-2 at 2. Plaintiff's motion for default judgment, however, seeks interest at the rate of 18% per year based on language in the invoices that allegedly reflect Plaintiff's transactions with Defendants. ECF No. 28 at 8. Plaintiff has not explained why Plaintiff is entitled to a greater rate of interest than the rate awarded by the Department of Agriculture.

### D. Attorney's Fees

While the declaration of June Monroe and its exhibits, ECF No. 29, provide some support for Plaintiff's motion for attorney's fees, any new motion for attorney's fees shall set forth each attorney's hourly rate and justifications for each attorney's hourly rate so that the Court can determine that each attorney's rate is "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (citation omitted).

### III. ORDER

For the reasons stated above, Plaintiff's motion for default judgment is DENIED WITHOUT PREJUDICE. Regardless of whether Plaintiff files a new motion for default judgment, Plaintiff shall submit an amended declaration describing how, if at all, Defendants Organic Alliance and Parker Booth were served, within 7 days of the date of this order.

---

[1] *See* ECF No. 1 ¶ 22; ECF No. 1-1.
[2] ECF No. 28 (Motion for Default Judgment) at 7.

1  **IT IS SO ORDERED.**

2  Dated: November 25, 2015

3  _____
LUCY H. KOH
4  United States District Judge